**THIS SECOND OMNIBUS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN PROOFS OF CLAIM. CLAIMANTS RECEIVING THIS OBJECTION SHOULD LOCATE THEIR NAMES AND CLAIMS ON <u>SCHEDULE 1</u> THROUGH <u>SCHEDULE 6</u> ATTACHED TO THE PROPOSED ORDER.**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

Bradford J. Sandler, Esq.
Edward A. Corma, Esq.
**PACHULSKI STANG ZIEHL & JONES LLP**
1700 Broadway, 36th Floor
New York, NY 10019
Telephone: (212) 561-7700
Facsimile: (212) 561-7777
Email: bsandler@pszjlaw.com
　　　ecorma@pszjlaw.com

*and*

James S. Carr, Esq.
Dana P. Kane, Esq.
**KELLEY DRYE & WARREN LLP**
One Jefferson Road, Second Floor
Parsippany, NJ 07054
Telephone: (973) 503-5900
Facsimile: (973) 503-5950
jcarr@kelleydrye.com
dkane@kelleydrye.com

*Counsel for the Careismatic GUC Trust*

In re:

　CAREISMATIC GROUP INC.

　　　　　　Post-Effective Date Debtor.[1]

Chapter 11

Case No. 24-10569 (VFP)

**Hearing Date: August 26, 2025 at 10:00 a.m. (ET)**
**Response Deadline: August 19, 2025 at 4:00 p.m. (ET)**

## CAREISMATIC GUC TRUST'S
## <u>SECOND OMNIBUS OBJECTION TO CERTAIN CLAIMS</u>

The Careismatic GUC Trust (the "<u>Trust</u>"), established in the above-captioned

chapter 11 case, hereby submits this omnibus objection (the "<u>Second Omnibus Objection</u>") seeking

---

[1]　An Order [Case No. 24-10561, Docket No. 894] has been entered in Case No. 24-10561 (the "<u>Lead Case</u>") granting a final decree and closing the Lead Case and each Affiliated Case (as defined in the Order), other than the Remaining Case (defined below), and further directing that all further reporting concerning the administration of the assets and liabilities in the Lead Case will occur only in the Remaining Case of Careismatic Group Inc., Case No. 24-10569 (the "<u>Remaining Case</u>").  The docket in Case No. 24-10569 should be consulted for all matters affecting this case.

entry of an order, substantially in the form attached hereto (the "Proposed Order"), pursuant to sections 105(a) and 502 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3007-2 of the Local Rules of the United States Bankruptcy Court District of New Jersey (the "Local Rules") disallowing the Claims listed on Schedule 1 through Schedule 6.  In support of this Second Omnibus Objection, the Trust relies on the *Declaration of Grace Marie Codispoti in Support of the Second Omnibus Objection of the Careismatic GUC Trust to Certain Claims* (the "Declaration") submitted contemporaneously herewith.  In further support of this Second Omnibus Objection, the Trust respectfully represents as follows:

## Jurisdiction

1.      The Court has jurisdiction to consider and determine this matter pursuant to 28 U.S.C. § 1334 and Article XI(1) of the *Second Amended Joint Plan of Reorganization of Careismatic Brands, LLC and Its Debtor Affiliates Pursuant to Chapter 11 of Bankruptcy Code (Further Technical Modifications)*, filed May 24, 2024 (as confirmed, the "Plan").[2]  This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2).

2.      Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory bases for the relief requested herein are sections 105(a) and 502(b) of the Bankruptcy Code, Bankruptcy Rules 3007 and 9014, and Local Rule 3007-2.

## Background

### A.      The Chapter 11 Cases

3.      On January 22, 2024 (the "Petition Date"), Careismatic Brands, LLC and certain of its affiliates (collectively, the "Debtors") each commenced a voluntary case under

---

[2]      Lead Case, Docket No. 744.  Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Plan.

chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of New Jersey (the "Court").

4.     On May 24, 2024, the Debtors filed the Plan.[3]  On May 31, 2024, the Court entered the *Findings of Fact, Conclusions of Law, and Order Confirming the Second Amended Joint Chapter 11 Plan of Reorganization of Careismatic Brands, LLC and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code (Further Technical Modifications)* confirming the Plan.[4]  The Plan became effective on June 13, 2024.[5]

5.     On July 17, 2024, the Court entered an *Order (I) Granting Post-Effective Date Debtors Motion for Final Decree Closing Certain of the Chapter 11 Cases, and (II) Granting Related Relief* (the "Initial Final Decree")[6] closing the Lead Case and certain Affiliate Cases (as defined in the Initial Final Decree), as applicable, effective as of July 17, 2024.  The Initial Final Decree further established the case of Careismatic Group Inc., Case No 24-10569 as the "Remaining Case" which will remain open pending the entry of a final decree by this Court closing the Remaining Case.  All remaining matters, including Claims reconciliation with respect to Claims against any Debtor, are to be filed, administered, and adjudicated in the Remaining Case without the need to reopen the Lead Case or any Affiliate Case, and the Court retains jurisdiction and authority with respect thereto, whether or not they pertain to the Remaining Case, the Lead Case or any of the Affiliate Cases.[7]

---

[3]     Lead Case, Docket No. 744.

[4]     Lead Case, Docket No. 775.

[5]     See *Notice of (A) Entry of the Order Confirmation Second Amended Joint Plan of Reorganization of Careismatic Brands, LLC and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code (further Technical Modifications) and (B) Occurrence of the Effective Date* (the "Effective Date Notice") [Lead Case, Docket No. 809].

[6]     Lead Case, Docket No. 894.

[7]     *See* Initial Final Decree ¶ 3.

6.      Pursuant to the Plan, META Advisors LLC was appointed as the GUC Trustee pursuant to the terms of the GUC Trust Agreement on the Effective Date.  From and after the Effective Date, the Plan provides the Trust with the sole authority, "(solely with respect to the General Unsecured Claims) . . . (i) to File, withdraw, or litigate to judgment, objections to Claims, Interests, or Intercompany Interests; (ii) to settle or compromise any Disputed Claim, Interest, or Intercompany Interest without any further notice to or action, order, or approval by the Bankruptcy Court; and (iii) to administer and adjust the official register of Claims maintained by the Debtors' claims and noticing agent (the "Claims Register") to reflect any such settlements or compromises without any further notice to or action, order, or approval by the Bankruptcy Court."[8]

## B.      The Bar Dates

7.      On February 29, 2024, the Court entered an order establishing certain dates and deadlines for filing Proofs of Claim in the Debtors' chapter 11 cases.[9]  Specifically, the Court established April 2, 2024 as the deadline for all persons and entities asserting a Claim (as defined in section 101(5) of the Bankruptcy Code) against any of the Debtors that arose on or prior to the Petition Date (the "General Bar Date"), and July 22, 2024 as the deadline for all governmental agencies to file written proof of such claim (the "Government Bar Date").[10]

8.      Additionally, the Plan provides a deadline for filing Proofs of Claim with respect to Claims arising from the rejection of Executory Contract or Unexpired Leases (the "Rejection Damages Bar Date" and, together with the General Bar Date and the Government Bar Date, the "Bar Dates") as "within the earliest to occur of (i) thirty (30) days after the date of service of notice on the affected claimant of entry of an order of the Bankruptcy Court (including the

---

[8]      *See* Plan § VII.D.

[9]      Lead Case, Docket No. 338.

[10]     *Id.*

4

Confirmation Order) approving such rejection, which notice shall set forth the date by which such Proofs of Claim must be filed, or (ii) thirty (30) days after service of notice on the affected claimant of any rejection that occurs after the Effective Date."[11]

9.      On March 5 and 6, 2024, each of the Debtors filed their respective schedules of assets and liabilities pursuant to Bankruptcy Rule 1007 (the "Schedules").[12]

## C.      The Claims Resolution Process

10.      To date, approximately 333 Proofs of Claim have been filed against the Debtors, of which approximately 230 assert an unsecured claim in the aggregate amount of $1.48 billion plus unliquidated amounts.  In addition, the Debtors scheduled approximately 145 non-contingent, liquidated unsecured claims, for which no Proof of Claim has been filed, amounting to approximately $48.3 million in the aggregate.

11.      The Trust and its professionals have been reviewing and analyzing the General Unsecured Claims since the Effective Date of the Plan.  In connection therewith, the Trust sought and obtained approval of certain omnibus objection procedures (the "Claims Objection Procedures") intended to promote a Claims reconciliation process that is conducted in a timely, efficient, and cost-effective manner.[13]  This process includes identifying categories of Claims that may be targeted for disallowance and expungement, reduction and/or reclassification.[14]

---

[11]      Plan § V.C.

[12]      Lead Case, Docket Nos. 390-410, 413.

[13]      *Order (I) Approving Omnibus Claims Objection Procedures; And (II) Authorizing the Careismatic GUC Trust to File Substantive Omnibus Objections to Claims Pursuant to Bankruptcy Rule 3007(c) and (d)* [Remaining Case, Docket No. 190].

[14]      To the extent any Claim listed on Schedule 1 through Schedule 5 to the Proposed Order includes an administrative claim, secured claim, or priority unsecured claim, Debtors and their counsel have consented to objection for the non-GUC portion of the claim and the categories of objections that apply.

12.     The Court entered the *Order Granting the First Omnibus Objection of the Careismatic GUC Trust Seeking to Disallow and Expunge to Certain (I) Late Filed Claims; (II) Insufficient Documentation Claims; (III) Amended and Superseded Claims; (IV) Duplicative Claims; and (V) Equity Claims* on April 8, 2025,[15] which disallowed and expunged over fifty claims asserting more than $19 million.

13.     As part of its ongoing review of filed claims, the Trust has reviewed each of the Claims listed on **Schedule 1** through **Schedule 6** to the Proposed Order, and has concluded that each such Claim should be reduced or disallowed, as applicable.

14.     To reduce the number of Claims, and to avoid possible double or otherwise improper recovery by claimants, the Trust anticipates filing additional objections to Claims.

## Relief Requested

15.     By this Second Omnibus Objection and for the reasons described more fully below, the Trust requests entry of the Proposed Order substantially in the form attached hereto disallowing the Claims listed on **Schedule 1** through **Schedule 3, Schedule 5**, and **Schedule 6** to the Proposed Order, and reducing the Claims listed on **Schedule 4** to the Proposed Order, pursuant to sections 105(a) and 502(b) of the Bankruptcy Code, Bankruptcy Rule 3007, Local Rule 3007-2, the Claims Objection Procedures, and the Plan, as applicable.

## Basis for Relief Requested

16.     Section 502(a) of the Bankruptcy Code provides, in pertinent part, that "[a] claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest . . . objects."[16]

---

[15]     Remaining Docket No. 206.

[16]     11 U.S.C. § 502(a).

17.     To receive the benefit of *prima facie* validity, the proof of claim must "set[] forth facts necessary to support the claim."[17]

18.     Thus, while a properly filed proof of claim is *prima facie* evidence of the claim's allowed amount, when an objecting party presents evidence to rebut a claim's *prima facie* validity, the claimant bears the burden of proving the claim's validity by a preponderance of evidence. [18]  The burden of persuasion with respect to the Claim is always on the claimant.[19]  The failure to allege facts and to provide sufficient support for a Claim deprives the Claim of *prima facie* validity.[20]  Once an objection to a claim is filed, the Court, after notice and hearing shall determine the allowed amount of the claim.[21]

19.     Bankruptcy Rule 3007 requires that an objection to a proof of claim be made in writing, and the claimant be provided with not less than thirty days' notice of the hearing to be held in respect of such objection.[22]  Objections of up to one hundred claims may be joined in an omnibus objection if such objections are based on the grounds that the claims should be disallowed, in whole or in part, for any of eight enumerated reasons, including: "they were presented in a form that does not comply with applicable rules, and the objection states that the objector is unable to determine the validity of the claim because of noncompliance."[23]

---

[17]     *In re Stoecker*, 143 B.R. 879, 883 (N.D. Ill. 1992).

[18]     *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173-74 (3d Cir. 1992); *see also In re EHT US1, Inc.*, No. 21-10036 (CSS), 2022 WL 775093, at *8 (Bankr. D. Del. Mar. 15, 2022) ("An objecting party may overcome the prima facie validity of a claim by 'refuting at least one of the allegations . . . essential to the claim's legal sufficiency' whereupon the burden shifts back to the claimant to prove the validity of his claim by a preponderance of the evidence").

[19]     *See Allegheny Int'l, Inc.*, 954 F.2d at 174.

[20]     *See, e.g.*, *In re Jorczak*, 314 B.R. 474, 481-82 (Bankr. D. Conn. 2004) (discussing the evidentiary requirements and burden of proof with respect to the allowance of claims).

[21]     11 U.S.C. § 502(b).

[22]     *See* Fed. R. Bankr. P. 3007(a).

[23]     *See* Fed. R. Bankr. P. 3007(d).

20.     In addition, pursuant to Local Rule 3007-2, "[a]n omnibus objection to claims may be filed to reduce the amount of a claim or to modify a claim's priority status."[24]

21.     Further, pursuant to the Claims Objection Procedures, omnibus objections may be filed where claims (i) are inconsistent with the Debtors' books and records; (ii) fail to specify the asserted claim amount (or only list the claim amount as "unliquidated"); (iii) fail to sufficiently specify the basis for the claim or provide sufficient supporting documentation in support of such claim; (iv) seek recovery of amounts for which the various Debtors are not liable; (v) are filed against non-Debtors; (vi) are disallowed pursuant to section 502 of the Bankruptcy Code; or (vi) are disallowed pursuant to the terms of the Plan.[25]

22.     Here, for the reasons set forth below, there is ample evidence to rebut the *prima facie* validity of each of the disputed Claims, and, therefore, to bring this Second Omnibus Objection, consistent with the Bankruptcy Rules, the Local Rules, and the Claims Objection Procedures.

**A.   <u>Late Filed Claims</u>**

23.     Pursuant to section 502(b)(9) of the Bankruptcy Code, a claim shall not be allowed to the extent that "proof of such claim is not timely filed . . . ."[26]

24.     The Trust has identified certain Claims listed on **<u>Schedule 1</u>** to the Proposed Order (the "<u>Late Filed Claims</u>") that arose or were deemed to arise before the Petition Date, and were not received by the applicable Bar Date.

---

[24]    D.N.J. LBR 3007-2.

[25]    Claims Objection Procedures ¶ 1.

[26]    11 U.S.C. § 502(b)(9); *see also In re Hogan*, 346 B.R. 715, 721–22 (Bankr. N.D. Tex. 2006) (stating that "[s]ection 502(b)(9) has made clear . . . that a proof of claim not timely filed, regardless of whether it is secured or unsecured, should not be allowed if there is an objection made on grounds of timeliness.").

25.     Accordingly, the Trust (i) objects to the Late Filed Claims, and (ii) requests entry of an order disallowing and expunging each of the Late Filed Claims listed on **Schedule 1** to the Proposed Order.

## B.  **Fully Satisfied Claims**

26.     The Trust has identified certain Claims listed on **Schedule 2** to the Proposed Order (the "Satisfied Claims") which the Trust has been advised have been fully satisfied by payment from the Debtors or Reorganized Debtors.  To avoid a double or excess recovery by the respective claimants, the Trust objects to the Satisfied Claims and requests entry of an order disallowing and expunging each of the Satisfied Claims listed on **Schedule 2** to the Proposed Order.

## C.  **No Liability Claims**

27.     Section 502(b)(1) of the Bankruptcy Code provides that a claim asserted in a proof of claim shall be allowed, except to the extent "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law."[27]

28.     The Trust has identified certain Claims listed on **Schedule 3** of the Proposed Order (the "No Liability Claims") that it is unable to reconcile with the Debtors' books and records, either because (i) the Trust is advised by the Reorganized Debtors that the No Liability Claim is invalid because the claimant is a customer of the company, not a supplier of goods or services to the company; or (ii) the Trust is not holding property in trust for any party-in-interest, and the Debtors' books and records as reflected in the Schedules do not evidence amounts owing to the claimant asserting the No Liability Claim under applicable state unclaimed property laws.  In both cases, the books and records of the particular Debtor against which the Claim is asserted do not

---

[27]     11 U.S.C. § 502(b)(1).

reflect the existence of the asserted Claim or of the claimant asserting such Claim.  Accordingly, the Trust objects to the No Liability Claims and requests entry of an order disallowing and expunging the No Liability Claims listed on **Schedule 3**.

**D.  Overstated Claims**

29.    The Trust has identified certain Claims listed on **Schedule 4** to the Proposed Order (the "Overstated Claims") that are overstated because (i) the claimant asserts liabilities on account of rejection damages in excess of the amounts allowed pursuant to section 502(b)(6) of the Bankruptcy Code, (ii) the supporting documentation is inconsistent with the face amount of the Claim or (iii) the claimant asserts amounts inconsistent with the Debtors' books and records including, but not limited to, on account of partial satisfaction.  After a thorough review of the books and records, the Claims Register, the supporting documentation attached (if any) to the Overstated Claims, and other information available to the Trust, the Trust has determined that the Overstated Claims do not accurately reflect the amount for which the Debtors may be liable, for the reasons set forth on **Schedule 4**.

30.    Accordingly, the Trust objects to the Overstated Claims and requests entry of an order reducing each Overstated Claim to the respective amounts listed on **Schedule 4** under the column headed "Reduced and Allowed Claim Amount".

**E.  Insufficient Documentation**

31.    The Trust objects to each of the Claims listed on **Schedule 5** of the Proposed Order (the "Insufficient Documentation Claims").  As set forth in the Declaration and more fully discussed in the "Reason for Disallowance" column on **Schedule 5** to the Proposed Order, the Trust has determined that each of the Insufficient Documentation assert liabilities without

attaching sufficient supporting documentation to the Proof of Claim that would allow the Trust to make a reasonable determination as to the validity and/or amount of the Claim.

32.     Failure to disallow the Insufficient Documentation Claims at this stage could result in an improper recovery on account of said Claims to the detriment of other creditors. Accordingly, the Trust seeks disallowance of the Insufficient Documentation Claims listed on **Schedule 5** to the Proposed Order absent timely receipt of additional documentation sufficient to substantiate each Claim.

**F.  Duplicative Claims**

33.     The Trust objects to the Claim (the "<u>Duplicative Claim</u>") listed on **Schedule 6** to the Proposed Order, which is substantively duplicative of another claim filed against the same Debtor on account of the same liability, as reflected in the column labeled "Remaining Claim" on **Schedule 6**.  The Duplicative Claim is also listed on **Schedule 1** as a Late-Filed Claim. The Trust is objecting to the Duplicative Claim to ensure that the claimant does not obtain a double recovery in the event that the Claim is not disallowed and expunged as a Late-Filed Claim.

34.     Accordingly, the Trust objects to the Duplicative Claim and requests entry of an order disallowing and expunging the Duplicative Claim listed on **Schedule 6** to the Proposed Order.

<u>**Responses To Omnibus Objections**</u>

35.     <u>Parties Required to File a Response</u>.  Any party who disagrees with an objection is required to file a Response in accordance with the procedures set forth herein.  If a claimant whose Claim is subject to the Second Omnibus Objection does not file and serve a Response in compliance with the procedures below, the Court may grant the Second Omnibus Objection with respect to such Claim without a hearing or further notice to the claimants.

11

36.    <u>Response Contents</u>.    Each Response must contain the following (at a

minimum):

a.    a caption stating the name of the Court, the name of the Debtors, the case number, the title of the objection to which the Response is directed (here, the Second Omnibus Objection), and, if applicable, the Proof of Claim number(s) related thereto from the Claims Register;

b.    a concise statement setting forth the reasons why the Court should not grant the Second Omnibus Objection with respect to such Claim, including the factual and legal bases upon which the claimant will rely in opposing the Second Omnibus Objection;

c.    a copy of any other documentation or other evidence of the Claim, to the extent not already included with the Claim, upon which the claimant will rely in opposing the Second Omnibus Objection; *provided, however*, that the claimant need not disclose confidential, proprietary, or otherwise protected information in the Response; *provided further, however*, that the claimant shall disclose to the Trust all information and provide copies of all documents that the claimant believes to be confidential, proprietary, or otherwise protected and upon which the claimant intends to rely in support of its Claim, subject to appropriate confidentiality constraints; and

d.    the following contact information for the responding party:

i.    the name, address, telephone number, and email address of the responding claimant or the name, address, telephone number, and email address of the claimant's attorney or designated representative to whom the attorneys for the Trust should serve a reply to the Response, if any; or

ii.    the name, address, telephone number, and email address of the party with authority to reconcile, settle, or otherwise resolve the Second Omnibus Objection on the claimant's behalf.

37.    <u>Filing and Service of the Response</u>.    A Response will be deemed timely

only if it is filed with the Court and *actually received* by **4:00 p.m. (Prevailing Eastern Time) on**

**August 19, 2025** (the "<u>Response Date</u>") by the following parties:

| **Counsel to the Trust[28]** | **United States Trustee** |
|---|---|
| Pachulski Stang Ziehl & Jones LLP 1700 Broadway, 36th Floor New York, NY 10019 Attn:  Bradford J. Sandler and Edward A. Corma  Kelley Drye & Warren LLP One Jefferson Road, Second Floor Parsippany, NJ 07054 Attn: Dana P. Kane and Andres Barajas | Office of the United States Trustee, Regions 3 & 9 One Newark Center Suite 2100 Newark, NJ 07102 Attn: Fran B. Steele and Peter J. D'Auria |

38.    <u>Discovery</u>.  If the Trust determines that discovery is necessary in advance of a hearing on an objection, the Trust will serve notice on the affected claimant and its counsel of record that the scheduled hearing will be treated as a status conference during which the parties will request that the Court issue a scheduling order to facilitate dismissal or resolution of the litigation.  Such notice may be incorporated into the initial agenda letter for the hearing, or may be provided by separate notice.

39.    <u>Failure to Respond</u>.  A Response that is not filed and served by the Response Date in accordance with the procedures set forth herein may not be considered by the Court at the Hearing.  **Absent reaching an agreement with the Trust resolving the objection to a Claim (as described in the objection notice attached as Exhibit 2 to the Claims Objection Procedures), failure to timely file and serve a Response as set forth herein may result in the Court granting the Second Omnibus Objection without further notice or hearing.**  Upon entry of an order sustaining the Second Omnibus Objection, affected creditors will be served with such order.

---

[28]    On or about August 22, 2025, Kelley Drye & Warren LLP anticipates moving to the following address:  Kelley Drye & Warren LLP, 7 Giralda Farms, Madison, NJ 07940.

40.    <u>Reply to a Response</u>.  The Trust shall be permitted to file a reply to any Response no later than two business days before the hearing with respect to the Second Omnibus Objection.

## **Separate Contested Matters**

41.    To the extent a Response is filed regarding any Claim listed in this Second Omnibus Objection and the Trust is unable to resolve the Response, the objection by the Trust to each such Claim asserted herein shall constitute a separate contested matter as contemplated by Bankruptcy Rule 9014.  Any order entered by the Court regarding an objection asserted in this Second Omnibus Objection shall be deemed a separate order with respect to each Claim.

## **Waiver of Memorandum of Law**

42.    The Trust respectfully requests that this Court waive the requirement to file a separate memorandum of law pursuant to D.N.J. LBR 9013-1(a)(3) because the legal bases upon which the Trust relies is incorporated herein and the Second Omnibus Objection does not raise any novel issues of law.

## **Reservation of Rights**

43.    The Trust hereby reserves the right to object in the future to any of the Claims that are the subject of this Second Omnibus Objection on any ground, and to amend, modify, and/or supplement this Second Omnibus Objection, including, without limitation, to object to amended or newly-filed Claims.  Notwithstanding anything contained in this Second Omnibus Objection or the attached schedules, nothing herein shall be construed as a waiver of any rights that the Trust may have to exercise rights of setoff against the holders of such Claims.

## **Notice**

44.    Notice of this Second Omnibus Objection shall be provided to: (i) the affected claimant party set forth on the Proof of Claim or the applicable schedule of assets and

liabilities and their respective attorney of record (if any) with respect to the Claims listed on **Schedule 1** through **Schedule 6**; (ii) the U.S. Trustee; and (iii) parties that have filed a renewed request for service of papers under Bankruptcy Rule 2002 pursuant to the Effective Date Notice. In light of the nature of the relief requested, the Trust submits that no further notice is required.

## Compliance With Local Rule 3007-2

45. The undersigned representatives certify that they have reviewed the requirements of Local Rule 3007-2 and that this Second Omnibus Objection substantially complies with that Local Rule. To the extent that this Second Omnibus Objection does not comply in all respects with the requirements of Local Rule 3007-2, Kelley Drye & Warren LLP believes such deviations are not material and respectfully requests that any such requirement be waived.

## Conclusion

WHEREFORE, based upon the foregoing, the Trust respectfully requests that the Court enter an order substantially in the form of the Proposed Order filed herewith granting this Second Omnibus Objection, and grant such other and further relief as the Court deems just and proper.

Dated:    July 25, 2025                    KELLEY DRYE & WARREN LLP

                                          */s/ James S. Carr*
                                          James S. Carr, Esq.
                                          Dana P. Kane, Esq.
                                          One Jefferson Road, Second Floor
                                          Parsippany, NJ 07054
                                          Telephone: (973) 503-5900
                                          Facsimile: (973) 503-5950
                                          jcarr@kelleydrye.com
                                          dkane@kelleydrye.com

                                          *and*

                                          PACHULSKI STANG ZIEHL & JONES LLP
                                          Bradford J. Sandler, Esq.
                                          Edward A. Corma, Esq.
                                          1700 Broadway, 36th Floor
                                          New York, NY 10019
                                          Telephone: (212) 561-7700
                                          Facsimile: (212) 561-7777
                                          Email: bsandler@pszjlaw.com
                                                  ecorma@pszjlaw.com

                                          *Counsel for the Careismatic GUC Trust*

> **THIS SECOND OMNIBUS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN PROOFS OF CLAIM. CLAIMANTS RECEIVING THIS OBJECTION SHOULD LOCATE THEIR NAMES AND CLAIMS ON <u>SCHEDULE 1</u> THROUGH <u>SCHEDULE 6</u> ATTACHED TO THE PROPOSED ORDER.**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

Bradford J. Sandler, Esq.
Edward A. Corma, Esq.
**PACHULSKI STANG ZIEHL & JONES LLP**
1700 Broadway, 36th Floor
New York, NY 10019
Telephone: (212) 561-7700
Facsimile: (212) 561-7777
Email: bsandler@pszjlaw.com
           ecorma@pszjlaw.com

*and*

James S. Carr, Esq.
Dana P. Kane, Esq.
**KELLEY DRYE & WARREN LLP**
One Jefferson Road, Second Floor
Parsippany, NJ 07054
Telephone: (973) 503-5900
Facsimile: (973) 503-5950
jcarr@kelleydrye.com
dkane@kelleydrye.com

*Counsel for the Careismatic GUC Trust*

In re:

  CAREISMATIC GROUP INC.

              Post-Effective Date Debtor.[1]

Chapter 11

Case No. 24-10569 (VFP)

## ORDER GRANTING THE CAREISMATIC GUC TRUST'S
## <u>SECOND OMNIBUS OBJECTION TO CERTAIN CLAIMS</u>

        The relief set forth on the following pages, numbered two (2) through and including

five (5), is hereby ORDERED.

---

[1]     An Order [Case No. 24-10561, Docket No. 894] has been entered in Case No. 24-10561 (the "<u>Lead Case</u>") granting a final decree and closing the Lead Case and each Affiliated Case (as defined in the Order), other than the Remaining Case (defined below), directing that all further reporting concerning the administration of the assets and liabilities in the Lead Case will occur only in the Remaining Case of Careismatic Group Inc., Case No. 24-10569 (the "<u>Remaining Case</u>").  The docket in Case No. 24-10569 should be consulted for all matters affecting this case.

Page:       2
Debtors:    Careismatic Group Inc.
Case No.:   24-10569 (VFP)
Caption:    Order Granting the Careismatic GUC Trust's Second Omnibus Objection to Certain
            Claims

Upon consideration of *the Careismatic GUC Trust's Second Omnibus Objection to Certain Claims* (the "Second Omnibus Objection")[2] filed by the Careismatic GUC Trust (the "Trust") established in the chapter 11 cases of Careismatic Brands, LLC and certain of its affiliates, seeking entry of an order, pursuant to sections 105(a) and 502 of the Bankruptcy Code, Bankruptcy Rule 3007, and Local Rule 3007-2, disallowing and expunging each of the claims set forth on **Schedule 1** through **Schedule 3**, **Schedule 5**, and **Schedule 6** hereof and reducing the claims set forth on **Schedule 4** hereof; and the Court having jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334; and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and consideration of the Second Omnibus Objection being a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that proper and adequate notice of the Second Omnibus Objection has been given and that no other or further notice is necessary; and upon the record herein; and the Court having determined that the relief sought by the Second Omnibus Objection is in the best interests of the Trust, the estate, and creditors; and after due deliberation and good and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1.      The Second Omnibus Objection is GRANTED as set forth herein.

2.      Each Late Filed Claim listed on **Schedule 1** to this Order is disallowed and expunged in its entirety.

3.      Each Satisfied Claim listed on **Schedule 2** to this Order is disallowed and expunged in its entirety.

---

[2]     Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Second Omnibus Objection.

Page:      3
Debtors:   Careismatic Group Inc.
Case No.:  24-10569 (VFP)
Caption:   Order Granting the Careismatic GUC Trust's Second Omnibus Objection to Certain
           Claims

4.      Each No Liability Claim listed on **Schedule 3** to this Order is disallowed

and expunged in its entirety.

5.      Each Overstated Claim listed on **Schedule 4** to this Order is reduced to the

respective amount listed in the "Reduced and Allowed Claim Amount" column on **Schedule 4**.

6.      Each Insufficient Documentation Claim listed on **Schedule 5** to this Order

is disallowed and expunged in its entirety.

7.      The Duplicative Claim listed on **Schedule 6** to this Order is disallowed and

expunged in its entirety.

8.      The rights of the Trust or any other party in interest to object in the future

to any of the Claims that are the subject of the Second Omnibus Objection on any grounds, and to

amend, modify, and/or supplement the Second Omnibus Objection, including, without limitation,

to object to amended or newly filed Claims is hereby reserved, except with respect to the Claims

listed in **Schedule 4**, which shall be allowed in the respective amount listed in the "Reduced and

Allowed Claim Amount" column on **Schedule 4**.  Without limiting the generality of the foregoing,

the Trust specifically reserves the right to amend the Second Omnibus Objection, file additional

papers in support of the Second Omnibus Objection, or take any other appropriate actions,

including to (a) respond to any allegation or defense that may be raised in a response filed in

accordance with the Second Omnibus Objection by or on behalf of any of the claimants or other

interested parties; (b) object further to any Claim for which a claimant provides (or attempts to

provide) additional documentation or substantiation; and (c) object further to any Claim based on

additional information that may be discovered upon further review by the Trust or through

discovery pursuant to the applicable provisions of the Bankruptcy Rules.

Page:       4
Debtors:    Careismatic Group Inc.
Case No.:   24-10569 (VFP)
Caption:    Order Granting the Careismatic GUC Trust's Second Omnibus Objection to Certain
            Claims

9.      For the avoidance of doubt, except with respect to the Claims listed in

**Schedule 4**, which shall be allowed in the respective amount listed in the "Reduced and Allowed

Claim Amount" column on **Schedule 4**, nothing in the Second Omnibus Objection or this Order

shall be deemed or construed to (a) constitute an admission as to the validity or priority of any

Claim against the Trust, (b) an implication or admission that any particular Claim is of a type

specified or defined in this Order or the Second Omnibus Objection, and/or (c) constitute a waiver

of the Trust's rights to dispute any Claim on any grounds.

10.     The Trust, its Claims and Noticing Agent (Donlin Recano & Company,

Inc.), and the Clerk of this Court are authorized to take any and all actions that are necessary or

appropriate to give effect to this Order.

11.     The objection to each Claim addressed in the Second Omnibus Objection

and as set forth on **Schedule 1** through **Schedule 6** attached hereto, constitutes a separate contested

matter as contemplated by Bankruptcy Rule 9014.  This Order shall be deemed a separate order

with respect to each Claim that is the subject of the Second Omnibus Objection and this Order.

Any stay of this Order pending appeal by any claimants whose Claims are subject to this Order

shall only apply to the contested matter that involves such claimant and shall not stay the

applicability and/or finality of this Order with respect to any other contested matters addressed in

the Second Omnibus Objection and this Order.

12.     The requirement set forth in D.N.J. LBR 9013-1(a)(3) that any motion or

other request for relief be accompanied by a memorandum of law is hereby deemed satisfied by

the contents of the Second Omnibus Objection or otherwise waived.

| | |
|---|---|
| Page: | 5 |
| Debtors: | Careismatic Group Inc. |
| Case No.: | 24-10569 (VFP) |
| Caption: | Order Granting the Careismatic GUC Trust's Second Omnibus Objection to Certain Claims |

13.      Notwithstanding any applicability of any of the Bankruptcy Rules, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

14.      The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Order.

| Schedule 1 - Late Filed Claims | | | | | |
| Claim No. | Date Filed | Claimant | Debtor | Claim Priority | Asserted Claim Amount | Reason for Disallowance |
|---|---|---|---|---|---|---|
| 321 | 1/7/2025 | Livingston International Inc. | Strategic Distribution, L.P. | General Unsecured | $    865.48 | Claim No. 321 was filed after the applicable Bar Date. |
| 323 | 1/7/2025 | Livingston International Inc. | Strategic Distribution, L.P. | General Unsecured | $    865.48 | Claim No. 323 was filed after the applicable Bar Date.  In the alternative, the Trust asserts that this Claim is duplicative of Claim No. 321 and, as such, is listed as a Duplicative Claim on Schedule 6. |

**Total Late Filed Claims:**                                              **2**
**Total Late Filed Claims Amount (USD):**          **$          1,730.96**

\* The Trust only objects to that portion of each Claim that asserts a General Unsecured Claim.
Asserted amounts of other priority levels (if any) are not listed here.

| | | | | **Schedule 2 - Fully Satisfied Claims** | | |
|---|---|---|---|---|---|
| **Claim No.** | **Name** | **Debtor** | **Claim Priority** | **Asserted Claim Amount** | **Reason For Modification** |
| 175 | Dalian Sportech Apparel Co., Ltd. | Medelita, LLC | General Unsecured | $ 59,159.19 | The Trust is advised that the Debtors satisfied this claim. |
| 50010 (scheduled) | Enns Design | Silverts Adaptive, LLC | General Unsecured | $ 12,853.53 | This claim was superseded by filed Claim No. 231 (CAD $17,000) which, in turn, was disallowed as having been satisfied. *See* Docket No. 107. |
| 21 | Harper, Jennifer | Careismatic Brands, LLC | General Unsecured | $ 117,262.00 | The Trust is advised that the Debtors satisfied this claim by payment prior to the Petition Date. |
| 141 | Koi Design LLC | AllHearts, LLC | General Unsecured | $ 20,016.68 | The Trust is advised that the Debtors satisfied this claim by payment on 3/15/24. |

**Total Satisfied Claims:**                                     **4**
**Total Satisfied Claims Amount:**          **$          209,291.40**

\* The Trust only objects to that portion of each Claim that asserts a General Unsecured Claim.
Asserted amounts of other priority levels (if any) are not listed here.

| | | | Schedule 3 - No Liability Claims | | |
| Claim No. | Claimant | Debtor | Claim Priority | Asserted Claim Amount | Reason for Disallowance |
|---|---|---|---|---|---|
| 86 | NJ - Unclaimed Property Division | Careismatic Brands, LLC | General Unsecured | $           - | The basis of the claim is New Jersey's unclaimed property law. The claim asserts, among other things, that "claimant's property . . . is being held in trust by Debtor(s) and/or various agents known to Debtor(s) in such amounts known only to the Debtor(s), and is not property of the estate pursuant to 11 U.S.C. Section 541." However, the Trust is not the Debtor(s) or their agent. The GUC Trust Assets (as defined in the Plan) are limited to a negotiated $3.5 million in Cash, together with claims and causes of action contributed to the Trust, and proceeds thereof, which GUC Trust Assets are not tied to any particular claimant or claimants. The Trust is not holding property in trust subject to New Jersey's unclaimed property law. As a legal matter, the claim should be disallowed on this basis alone.<br><br>Moreover, Claimant has not made a prima facie case as to any amount owing. The support attached does not assert a claim that is identifiable. Rather, it lists hypothetical events that could give rise to a proof of claim, the majority of which would not apply to this Debtor. Notably, the Debtor did not include a claim in favor of claimant on its schedules of assets and liabilities and nothing in the claim refutes the Debtor's books and records as reflected in its schedules. |
| 166 | Cardinal Health | Silverts Adaptive, LLC | General Unsecured | $      16,450.00 | The Trust is advised by the Debtors that claimant is a customer and no amounts are owing to claimant. |

**Total No Liability Claims:**              **2**

**Total No Liability Claims Amount:**        **$16,450.00**

\* The Trust only objects to that portion of each Claim that asserts a General Unsecured Claim.
Asserted amounts of other priority levels (if any) are not listed here.

| | Schedule 4 - Overstated Claims | | | | |
|---|---|---|---|---|---|
| Claim No. | Name | Debtor | Claim Priority | Asserted Claim Amount | Reduced & Allowed Claim Amount | Reason For Disallowance |
| 28 | Tforce Freight | Careismatic Brands, LLC | General Unsecured | $ 38,405.07 | $ 310.00 | The Trust is advised that the Debtors partially satisfied this claim by payments in Feb. 2024. |
| 34 | CRA International, Inc. | Strategic Partners Corp. | General Unsecured | $ 258,997.50 | $ 74,863.00 | The Trust is advised that the Debtors partially satisfied this claim prior to the Petition Date by payment. |
| 93 | Capital Innovations Inc. | Careismatic Brands, LLC | General Unsecured | $ 1,302,624.00 | $ 1,220,115.96 | Exceeds statutory cap under section 502(b)(6) of the Bankruptcy Code. |
| 111 | Ervin Cohen and Jessup LLP | Careismatic Brands, LLC | General Unsecured | $ 26,089.92 | $ 17,989.12 | Most recent invoice attached to Proof of Claim (6/8/20), which purports to include balances forward, is for $17,989.12. |
| 115 | Armanino Family Trust | Silverts Adaptive, LLC | General Unsecured | $ 120,000.00 | $ 11,860.47 | The Trust is advised that the Debtors books and records show the Claimant is owed $11,860.47. |
| 292 | I&G Direct Real Estate 32H LP | Krazy Kat Sportswear LLC | General Unsecured | $ 686,071.24 | $ 632,994.05 | Exceeds statutory cap under section 502(b)(6) of the Bankruptcy Code. |

**Total Overstated Claims:**     **6**
**Total Amount as Asserted:**     **$     2,432,187.73**
**Total Amount as Reduced:**     **$     1,958,132.60**

\* The Trust only objects to that portion of each Claim that asserts a General Unsecured Claim.
Asserted amounts of other priority levels (if any) are not listed here.

| Claim No. | Claimant | Debtor | Claim Priority | Asserted Claim Amount | Reason for Disallowance |
|---|---|---|---|---|---|
| | | | | **Schedule 5 - Insufficient Documentation Claims** | |
| 48 | Bemo Pro | Careismatic Brands, LLC | General Unsecured | $ 10,250.00 | Claim No. 48 does not attach any documentation and claimant is not listed on the Debtors' schedules. |
| 116 | 6 River Systems | Krazy Kat Sportswear LLC | General Unsecured | $ 51,150.15 | Claim No. 116 does not attach any documentation and claimant is not listed on the Debtors' schedules. |
| 183 | Ball Up, LLC | Careismatic Brands, LLC | General Unsecured | $ 455,144,570.74 | Claimant has asserted Claim No. 183 against Debtor Careismatic Brands, LLC (f/k/a Strategic Partners, Inc.), Claim No. 208 against Strategic Distribution, L.P. and Claim No. 209 against Debtor Strategic General Partners, LLC, each asserting the same approximately $455.1 million amount, for a total of over $1.36 billion in asserted claims. The underlying litigation pending in state court in Texas (the "Texas Action") has not been litigated to judgment or liquidated in any amount, and there is no support attached to any of the Claims (other than the bare allegations in the sixth amended complaint in the Texas Action), or any calculations related thereto, demonstrating entitlement to lost profits in the amount asserted.  Notably, the amount asserted is premised on, among other things, lost profits from 2016 through 2030; among other things, there is no evidence adduced that the business venture among the Debtors, the claimant and others would have launched successfully let alone endured for a period of fifteen years.   Without limiting the generality of the foregoing, the Trust reserves the right to estimate this Claim pursuant to section 502(c) of the Bankruptcy Code. |
| 208 | Ball Up, LLC | Strategic Distribution, L.P. | General Unsecured | $ 455,144,570.74 | |
| 209 | Ball Up, LLC | Strategic General Partners, LLC | General Unsecured | $ 455,144,570.74 | In addition,  although the Texas Action complaint attached to the Claim asserts, among other things, that all three Debtors "work[ed] collectively with the others as part of the overall Strategic Partners business" and, further, that "the entity defendants failed to maintain separate and distinct corporate entities," claimant has not provided documentation specifically evidencing entitlement to recovery at three estates.  As such, claimant should be limited to a single claim and a single recovery (if any, as to which all rights are reserved). |

**Total Insufficient Documentation Claims:**    **5**
**Total Insufficient Documentation Claims Amount:**    $    **1,365,495,112.37**

\* The Trust only objects to that portion of each Claim that asserts a General Unsecured Claim.
Asserted amounts of other priority levels (if any) are not listed here.

**Schedule 6 - Duplicative Claims**

| Claim No. | Claimant | Debtor | Claim Priority | Asserted Claim Amount | Claim No. | Claimant | Debtor | Claim Priority | Asserted Claim Amount | Reason for Disallowance |
|---|---|---|---|---|---|---|---|---|---|---|
| | **Duplicative Claim** | | | | | **Remaining Claim** | | | | |
| 323 | Livingston International Inc | Strategic Distribution, L.P. | General Unsecured | $ 865.48 | 321 | Livingston International Inc | Strategic Distribution, L.P. | General Unsecured | $ 865.48 | Claim No. 323 is duplicative of Claim No. 321. In addition, this claim is also listed on Schedule 1 as a Late Filed Claim. |

**Total Duplicative Claims:**      **1**

**Total Duplicative Claims Amount:**      **$865.48**

\* The Trust only objects to that portion of each Claim that asserts a General Unsecured Claim.
Asserted amounts of other priority levels (if any) are not listed here.